**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DARA HEM | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-079-CE |
| | § | |
| TOYOTA MOTOR CORP., ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction**

Before the court are various motions to transfer venue (Dkt. Nos. 38, 58, and 95). The court has considered the motions, the evidence, and the arguments of counsel in light of the criteria for transfer under Section 1404(a) and, pursuant to its discretionary authority, transfers this case to the United States District Court for the District of New Mexico. *See Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989); *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008). The motions to transfer venue (Dkt. Nos. 38, 58, and 95) are therefore granted to the extent a transfer is warranted and are further granted to the extent they seek a transfer to the District of New Mexico. The motions are otherwise denied. The plaintiff's motion for a status conference (Dkt. No. 116) is denied as moot.

**II.   Procedural and Factual Background**

This case arises from a single vehicle rollover accident that occurred in Colfax County, New Mexico on April 9, 2005. On that date, Savy Hem was driving a 2000 Toyota Tundra and towing a U-Haul trailer southbound on I-25 near the Colorado-New Mexico border. Her husband, Dara Hem ("plaintiff"), was the right front seat passenger. Mrs. Hem lost control of the Tundra and the

vehicle was involved in a rollover accident. The plaintiff was seriously injured as a result of the accident. He was rendered a quadriplegic.

Subsequently, the plaintiff brought suit against Toyota alleging various causes of action based on strict liability and negligence. The plaintiff also sued several U-Haul entities. On February 4, 2008, the U-Haul entities filed a motion to transfer venue (Dkt. No. 38) requesting that this case be transferred to a federal district court in New Mexico. Toyota joined in that motion (Dkt. No. 43), and the parties then exchanged additional briefing on the issue. On June 13, 2008, an oral hearing was held on the motion to transfer venue. During that hearing, counsel for Toyota agreed that a transfer to the District of New Mexico would be appropriate, but also suggested that a transfer to the Sherman Division of the Eastern District of Texas would be proper under the 28 U.S.C. § 1404(a) convenience analysis.

After the hearing, Toyota filed its supplemental and/or amended motion to transfer venue to the Sherman Division (Dkt. No. 58), and the parties exchanged additional briefing on that issue as well. Pursuant to two subsequent developments—(1) the issuance of the Fifth Circuit's en banc opinion in *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) and (2) the opening of Plano Divisional Annex of the Sherman Division—Toyota filed its second supplemental and/or amended motion to transfer venue (Dkt. No. 95) to the Sherman Division. On January 6, 2009, in response to the motions to transfer venue to the Sherman Division, the plaintiff attempted to resolve the venue issue by agreeing to a change of venue to the District of New Mexico (Dkt. No. 101).

On January 6, 2009, the court issued an order transferring the case to the United States District Court for the District of New Mexico (Dkt. No. 103). The next day, Toyota filed its notice of partial withdrawal (Dkt. No. 104) of any live pleading, motion, and/or joinder in any live pleading

or motion which requested that this case be transferred to a federal district court in New Mexico. Toyota continued to urge its motion to transfer to the Sherman Division. On January 8, 2009, the court vacated its January 6, 2008 order and set another hearing on the motions to transfer venue for January 21, 2009. The parties argued their respective positions and thereafter filed supplemental evidence in support of their arguments. Although the plaintiff continues to assert that venue is proper in this court, he urges that any transfer should be to New Mexico. Toyota has changed its initial position and now seeks a transfer solely to the Sherman Division.

## III.   Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit must apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). The court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than forum non conveniens dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a forum non conveniens dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The court held that the moving party bears the burden of showing "good cause," which the court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The court noted, however, that the relevant factors to be considered in ruling on a § 1404(a) motion are the same as those in the forum non conveniens context. *Id*. at 314 n. 9 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id*. The private interest factors are as follows: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are as follows: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id*. (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

**A. Plaintiff's Choice of Forum**

In *Volkswagen*, the Court of Appeals addressed the weight to be given to the plaintiff's choice of forum. *In re Volkswagen*, 545 F.3d at 315. The court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id*. Bearing this standard in mind, the court now assesses the relevant factors under § 1404(a).

### B. Private Factors

#### 1. Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses

The court will first assess the convenience of the parties involved. The task is complicated because the parties' respective positions are not motivated by the actual convenience to the parties or, for that matter, the third party witnesses. For its part, Toyota urged at the January 21, 2009 hearing that its change in position was motivated by an interest to accommodate the plaintiff, who is a quadriplegic. The court rejects this argument. Rather, the choice of law discussion developed at the January 21, 2009 hearing suggests that Toyota's position is primarily motivated by its desire to have Texas law applied to this case.

Be that as it may, the plaintiff previously resisted a transfer to New Mexico on the grounds that his health condition rendered it impractical to travel to New Mexico for trial. (Dkt. 40, p. 5). Now the plaintiff asserts that New Mexico is a preferable forum over his home forum. On this record, despite the court's rejection of Toyota's stated motives, Sherman would be a more convenient venue for the plaintiff. The court finds that the plaintiff's residence in the Sherman Division weighs in favor of the Sherman Division as the more convenient forum.

Turning to the defendants, Toyota Motor Corporation, Toyota Motor Sales U.S.A. Inc., Toyota Technical Center, and Hgashi-Fuji Technical Center (collectively, "Toyota") are alleged to be foreign corporations. They are not in close proximity to either this division, the Sherman Division, or the District of New Mexico.[1] The court finds that this division, the Sherman division, and the District of New Mexico would be just as convenient or inconvenient to Toyota. The Toyota

---

[1]    U-Haul has settled its claims with the plaintiff.

witnesses will have to travel a long distance regardless of where the trial is held. The location of the defendants does not weigh in favor of a transfer.

Presently, there are no third-party defendants of record in this case. Therefore, the court does not consider the convenience of any possible third parties at this time. *See In re Volkswagen*, 371 F.3d at 204-05.

All considered, the convenience of the parties weighs in favor of a transfer to the Sherman Division.[2]

Next, the court considers the convenience of third-party witnesses. The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen*, 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."). The court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id*.

The Sherman courthouse is approximately 617 miles from the Santa Fe, New Mexico courthouse.[3] The Marshall courthouse is approximately 788 miles from the Santa Fe courthouse. In the various motions and responses, the parties agree that the majority of the third-party fact witnesses live in New Mexico, including first responders, investigating officers, and emergency medical personnel. Pursuant to *Volkswagen*, the court finds that these third-party witnesses play an

---

[2] The court has not considered the location of counsel in this analysis.

[3] The United States District Court for the District of New Mexico is not subdivided into geographical districts as in Texas. Instead, the District of New Mexico is split between four divisional locations—Las Cruces, Albuquerque, Santa Fe, and Roswell.

important role in the trial of a products liability case such as this one. The court concludes that the convenience of the fact witnesses, particularly the police officers, first responders, and some of the medical providers, weighs strongly in favor of a transfer to the District of New Mexico.[4]

At the hearing held on January 21, 2009, Toyota asserted there was no guarantee that this case would be assigned to the New Mexico court location closest to the scene of the accident. Toyota also suggested that the manner in which cases are assigned to a particular New Mexico court location is not publicly available. Nevertheless, travel to any of the district court locations in New Mexico would be more convenient than travel to either the Sherman or Plano courthouses for these third-party witnesses.

Also at the January 21, 2009 hearing, Toyota also urged that the most important third party witness in the case was Savy Hem, the driver of the Toyota Tundra involved in this accident. Toyota pointed out that Mrs. Hem was the only eyewitness to the accident, and she would be subject to subpoena power in the Sherman Division. Mrs. Hem filed an affidavit, however, indicating she would appear at trial in New Mexico if the court transferred the case there. The court credits this affidavit given the closeness of the relationship between her and her party-plaintiff husband. Her testimony on this issue is entitled to more weight than the affidavits submitted by the other third-party witnesses because those witnesses have no special relationship to any of the parties, and their deposition testimony on the subject was equivocal. *See* Marquez Depo., 31:10 – 37:2; McAllister Depo., 8:16 – 9:4, Graves Depo., 28:24 – 34:2, Hayden Depo., 36:13 – 39:4.

---

[4] Although several of the witnesses originally asserted unequivocally that New Mexico was more convenient than Marshall, these witnesses appear to have slightly changed their position and indicated that they might be able to travel to the Sherman Division for trial.

Finally, in opposition to the U-Haul defendants' original motion to transfer to the District of New Mexico, the plaintiff urged that his current physicians and health care providers resided in close proximity to his home in Little Elm and that this was a reason the court should retain the case in Marshall. The court has considered the location of these witnesses as well and concludes that if they were called to trial, it would be more convenient for them to have the trial in the Sherman Division than in the District of New Mexico. In this particular case, however, the plaintiff's current medical condition is not likely to be in as much dispute as the facts giving rise to liability. As such, on this record, the convenience of the third-party fact witnesses is entitled to more weight than the convenience of the witnesses who would testify about the plaintiff's current medical condition and treatment.

### 2. The Relative Ease of Access to Sources of Proof

Despite the fact that access to sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. New Mexico is the site of the accident in question. It is the home state of virtually every third-party fact witness, and it is the location of the initial care and treatment of the plaintiff. Such facts weigh in favor of a transfer to New Mexico. As between Sherman and Marshall, Toyota argues that Sherman is the more convenient venue. Although this is true, as between Sherman and New Mexico, the location of the accident and the relevant records held by the various law enforcement and the initial health care providers render the latter venue the more convenient one.

### 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. A court's subpoena power, however, is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316.

As discussed above, it is likely that there will be several witnesses in this case who are located outside of Texas, in New Mexico. The defendants have not shown that there is a proper venue that enjoys "absolute subpoena power for both depositions and trial" over all of the witnesses in this case. *Id*. Nevertheless, the District of New Mexico has statewide subpoena power over nearly all of the third-party fact witnesses other than Savy Hem. Even though this power is subject to the provisions of Rule 45(c)(3)(A)(ii), the District of New Mexico has greater subpoena power over the third-party fact witnesses than does a district court sitting in Texas. On balance, the parties' ability to compel the appearance of witnesses otherwise unwilling to voluntarily appear for trial is greater in New Mexico than it is in the Sherman Division. This factor weighs in favor of transfer to the District of New Mexico given the location of the emergency personnel, the officers, and the other first responders.

### C. Public Interest Factors

### 1. The Administrative Difficulties Flowing from Court Congestion

Neither the plaintiff nor the defendants address this factor in detail. The court is unaware of any administrative difficulties that would arise from transferring the case to either the Sherman

Division or the District of New Mexico or retaining this case in the Marshall Division. Therefore, the court finds this factor is neutral as to transfer.

### 2. The Local Interest in Having Localized Interests Decided at Home

Transfer may be appropriate where none of the operative facts occurred in the division and where the division has no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. In a products liability case arising out of an automobile accident, courts may look to where the accident occurred, where the witnesses live, where the evidence is located, and where the parties live. *Id*. The accident occurred in the District of New Mexico. The plaintiff lives in Little Elm, Texas. The police officers and medical personnel that responded to the accident live in the District of New Mexico. Some fact witnesses live in the District of New Mexico, while one (Savy Hem) lives in Little Elm. The plaintiff's current health care providers work and reside in closer proximity to a court in the Sherman Division than to a court in New Mexico. Although the Sherman Division has a strong local interest in providing a forum for its injured citizen, under *Volkswagen*, New Mexico also has a strong local interest in this case given that it was the location of the accident and most of the third-party witnesses live there. This factor favors transfer from this division, because either the Sherman Division or the District of New Mexico has a greater local interest than this court. However, the factor is fairly evenly balanced between the Sherman Division and the District of New Mexico.

### 3. The Familiarity of the Forum with the Law that will Govern the Case

In this diversity case, it appears that Texas choice of law rules will govern the selection of the appropriate state substantive law, regardless of whether the case is retained here or transferred to the Sherman Division or to the District of New Mexico. *Ferens v. John Deere Co.*, 494 U.S. 516,

523-27 (1990); *Evangelical Lutheran Church in America v. Atlantic Mut. Ins. Co.*, 169 F.3d 947, 949 (5th Cir. 1999)(action transferred under § 1404(a) captured transferor court's choice of law rules).

Texas follows the "most significant relationship" approach to resolving choice of law issues. *Gutierrez v. Collins*, 583 S.W.2d 312 (Tex. 1979); *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex. 1984); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 (1971).  New Mexico, on the other hand, applies a *lex loci* approach in tort cases like the present one.  *Estate of Gilmore*, 946 P.2d 1130 (N.M. App. 1997); *Terrazas v. Garland & Loman, Inc.*, 142 P.3d 374 (N.M. App. 2006). Because the standards are different, a Texas forum is likely to be more familiar with the application of the relevant choice of law rules than a New Mexico court.  Because there are significant choice of law issues in this case, this fact is relevant and weighs in favor of either retaining the case in this court, or transferring it to the Sherman Division as opposed to the District of New Mexico.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws

This factor is neutral.  Because Texas choice of law rules will govern this analysis in either proposed forum, a court in either New Mexico or Sherman will need to struggle through the issues of which state has the most significant relationship to the relevant substantive law issue.  It is of course possible that on final analysis, New Mexico law may apply to some issues and Texas law may apply to others.  Under these circumstances, a New Mexico court would have more familiarity with the New Mexico law issues, and a Texas court would have more familiarity with the Texas law issues.  Neither retaining the case in this court, nor ordering a transfer to the Sherman Division or to the District of New Mexico, would appear to alleviate these problems.

**IV. Conclusion**

The court has balanced all of the relevant factors. None of the factors is entitled to dispositive weight. The factors surrounding the location of the accident and the location of the vast majority of third party fact witnesses suggest that the private interest factors weigh in favor of a transfer to New Mexico. Of the public interest factors, the administrative difficulties issue is neutral, and the familiarity of the forum with the applicable law factor favors retaining the case in this court or transferring it to the Sherman Division. The local interest issue weighs in favor of a transfer to either the Sherman Division or to New Mexico. It bears mention that the defendants previously sought a transfer to the District of New Mexico on convenience grounds. Therefore, on balance, the court concludes that the factors favoring a transfer to the Sherman Division are outweighed by the factors favoring a transfer to the District of New Mexico. Having considered the relevant factors under 28 U.S.C. § 1404(a), the court is persuaded that a transfer to the District of New Mexico is warranted.

It is, therefore, ORDERED that the above captioned action be transferred under Title 28, U.S.C § 1404(a) to the District of New Mexico. In light of the transfer of venue, the Court suspends any and all pending deadlines as indicated in the July 23, 2008 Amended Docket Control Order. Likewise, the Court suspends any deadline under the Local Rules for responding to pending motions.

SIGNED this 20th day of August, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE