IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARA HEM,

    Plaintiff,

vs.                                          Civil No. 09cv888 MCA/RLP

TOYOTA MOTOR
CORPORATION, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**This matter** comes before the court on the motion of the Toyota Defendants[1] ("Toyota" herein) to Transfer Venue of this action to the Eastern District of Texas, Sherman Division. (Dct. No. 142). Toyota advances four reasons for seeking transfer:

1)     Travel from Plaintiff's residence in Texas to New Mexico for trial would be inconvenient for Plaintiff, and would possibly endanger his health;

2)     Plaintiff's wife, designated as the most important fact witness, resides in Eastern District of Texas, Sherman Division.

3)     The Eastern District of Texas will have greater familiarity with applicable Texas law.

4)     Transfer out of the District of New Mexico will ease the administrative burden on this court.

The Motion for Transfer of Venue is hereby **DENIED**.

### II.    Underlying Facts

This is a product liability case. Plaintiff alleges that he was injured when the Toyota pick up truck, in which he was a passenger, rolled over in a single vehicle accident. Quoting from a

---

[1] Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation on behalf of Toyota Technical Center and Toyota Motor Corporation on behalf of Higashi-Fuji Technical Center.

memorandum brief previously filed by Toyota: [T]he accident (at issue) occurred in New Mexico. Most of the witnesses to the accident reside in New Mexico. The law enforcement officers, paramedics, and other emergency responders who responded to the accident scene reside in New Mexico." (Dct. No. 43, p. 7).

Plaintiff originally filed suit on March 12, 2007 in the Eastern District of Texas, Marshall Division. (Dct. No. 1). The parties commenced discovery, and on January 7, 2008 Plaintiff filed a Second Amended Original Complaint adding claims against the U-Haul Defendants.[2] ("U-Haul" herein) (Dct. No. 31).

On February 2, 2008, U-Haul filed a Motion to Transfer Venue to the District of New Mexico, citing in part the location of the witnesses and medical providers, and the lack of compulsory process to secure the attendance of New Mexico resident-witnesses in Texas. (Dct. No. 38). Originally, Plaintiff opposed and Toyota joined in the Motion to Transfer Venue to the District of New Mexico. (Dct. No. 40, 43). A hearing was held on the Motion on June 13, 2008. (Dct. No. 57). At that hearing Toyota agreed that transfer to the District of New Mexico would be appropriate, but also suggested that transfer to the Sherman Division of the Eastern District of Texas would be proper as well. (Dct. No. 118, p. 2). Toyota filed an amended/ supplemental Motion to transfer venue three days later to seeking transfer to the District of New Mexico or, in the alternative, to the Sherman Division of the Eastern District of Texas. (Dct. No. 58, pp. 1-2). In essence, Toyota argued that while it would still be more convenient for the many fact witnesses if the case were heard in New Mexico, as between the Sherman and Marshal Divisions of the Eastern District of Texas, the Sherman Division had a more conveniently situated airport. (Dct. No. 58). On December 17, 2008

---

[2] U-Haul International, Inc., U-Haul Co. Of Colorado, Inc., Midtown Rent A Car. U-Haul settled with Plaintiff and was dismissed from this case on April 24, 2009. (Dct. Nos. 109, 114, 115)

Toyota again amended its position, asking that venue be transferred to the Sherman Division of the Eastern District of Texas. (Dct. Nos. 95 and 100). On January 6, 2009, Plaintiff agreed to transfer venue to the District of New Mexico. (Dct. No. 101). On the same day, the District Court for the Eastern District of Texas, Marshall Division, entered an order transferring venue to the District of New Mexico. (Dct. No. 103). The following day Toyota filed a Notice withdrawing any pending request that this case be transferred to the District of New Mexico, and again requested transfer to the Sherman Division. (Dct. No. 104). The Order transferring venue was vacated, and hearing on the various Transfer of Venue motions was held on January 21, 2009. (Dct. No. 107, 110). Discovery was suspended thereafter, apparently by agreement of the parties, pending resolution by the court of the venue motions. (Dct. Nos. 116, 117).

On August 20, 2009, the District Court for the Eastern District of Texas, Marshall Division, entered its Memorandum Opinion and Order transferring venue of this action to the District of New Mexico. (Dct. No. 118).[3]

Transfer of venue was effectuated as of September 15, 2009. (Tr. 120). The parties submitted a Joint Status Report and Provisional Discovery Plan on November 10, 2009. (Tr. 126). A Scheduling Order was entered setting May 17, 2010 as the close of discovery, and June 17, 2010 as deadline for filing of all dispositive motions. (Dct. No. 128). Trial has been scheduled for

---

[3]"The court has balanced all of the relevant factors. None of the factors is entitled to dispositive weight. The factors surrounding the location of the accident and the location of the vast majority of third party fact witnesses suggest that the private interest factors weigh in favor of a transfer to New Mexico. Of the public interest factors, the administrative difficulties issue is neutral, and the familiarity of the forum with the applicable law factor favors retaining the case in this court or transferring it to the Sherman Division. The local interest issue weighs in favor of a transfer to either the Sherman Division or to New Mexico. It bears mention that the defendants previously sought a transfer to the District of New Mexico on convenience grounds. Therefore, on balance, the court concludes that the factors favoring a transfer to the Sherman Division are outweighed by the factors favoring a transfer to the District of New Mexico. Having considered the relevant factors under 28 U.S.C. § 1404(a), the court is persuaded that a transfer to the District of New Mexico is warranted." (Dct. No. 118, p. 12).

November 8, 2010. (Dct. No. 143).

### III.     Applicable Law.

The federal statute governing transfer of venue provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The intent of §1404(a) is to "place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir.1991) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." Id. at 1515 (citing Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp., 579 F.2d 561, 567 (10th Cir.1978).

> When determining whether to transfer a case, the court must consider the following factors:
>
> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp., 928 F.2d at 1516 (citing Tex. Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir.1967)). "[U]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir.1992) (internal quotations marks omitted).

**A)** **Plaintiff's choice of forum**

This factor favors the District of New Mexico, which, at this point, is Plaintiff's choice of forum.

**B)** **The accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses.**

This factor favors the District of New Mexico.

**1)** **Accident scene witnesses**

The parties have consistently asserted that the majority of the witnesses who responded to the accident scene are from New Mexico. It is clearly more convenient for those witnesses to appear in court in the District of New Mexico than in the Eastern District of Texas, Sherman Division. The court recognizes that Toyota has presented affidavits or deposition testimony from four witnesses, indicating that they would be willing to travel to Texas to appear at trial. Willingness aside, the court believes appearing in New Mexico will be more convenient for these witnesses. In addition, the Joint Status Report submitted by the parties lists an additional six witnesses from New Mexico who have not indicated a willingness to appear for trial in Texas.

**2)** **Plaintiff's wife, Dara Hem**

Mrs. Hem has previously submitted an affidavit stating that she will be present for the entire trial, and would appear in person to testify in New Mexico without a subpoena. (Dct. No. 111, Ex. A; Dct. No. 145, Ex. 3). As did the Eastern District of Texas, Sherman Division, I "credit() this affidavit given the closeness of the relationship between her and her party-plaintiff husband." (Dct. No. 118, p. 7).

**3)** **Plaintiff's residence**

When this case was transferred to New Mexico, Plaintiff resided in the Eastern District of

Texas, Sherman Division, a factor that favored transfer to that court. Plaintiff has submitted an affidavit stating that he currently resides in Longmont, Colorado, and that travel to New Mexico will be more convenient for him than travel to Texas. (Dct. No. 145, Ex. 2). The court will take Plaintiff at his word.

### C) The cost of making the necessary proof

In the previous transfer order, the court stated that "as between Sherman and New Mexico, the location of the accident and the relevant records held by the various law enforcement and initial health care providers render the latter venue the more convenient one." (Dct. No. 118, p. 8). No evidence or argument to the contrary has been raised. At most, as between the District of New Mexico and the Eastern District of Texas, Sherman Division, this factor is neutral.

### D) Questions as to the enforceability of a judgment

As between the District of New Mexico and the Eastern District of Texas, Sherman Division, this factor is neutral.

### E) Relative advantages and obstacles to a fair trial

As between the District of New Mexico and the Eastern District of Texas, Sherman Division, this factor is neutral.

### F) Difficulties that may arise from congested dockets

While this court may be busy, it is not too busy to hear this case. This case has proceeded expeditiously since transfer to this District, with trial scheduled for November 8, 2010.

### G) Application of Texas law.

The parties have stipulated that the law of Texas applies to this case. (Dct. No. 126, p. 3). While this factor may favor Texas, it is not dispositive. Toyota has not identified any particular issue with regard to the application of Texas law that would be likely to confound this court. If such

issue arises, the court, at the appropriate time, will order specific briefing by the parties.

      H)      **Considerations of a practical nature that make a trial easy, expeditious and economical**.

This factor favors the District of New Mexico. As previously stated, this case is scheduled for trial in November 2010. Transfer at this point will only cause more delay.

## Conclusion

Toyota has not carried its burden of establishing that the District of New Mexico is an inconvenient forum. For the reasons stated above, Toyota's Motion for Transfer of Venue to the Eastern District of Texas, Sherman Division, is **DENIED**.

**IT IS SO ORDERED**.

_/s/ Richard L. Puglisi_
Richard L. Puglisi
Chief United States Magistrate Judge