## IN THE UNITED STATED DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DARA HEM,**

      **Plaintiff,**

**vs.**                                    **Civil No. 09-888 MCA/RLP**

**TOYOTA MOTOR CORP.; TOYOTA**
**MOTOR SALES U.S.A. INC.;**
**TOYOTA TECHNICAL CENTER;**
**HIGASHI-FUJI TECHNICAL CENTER;**
**U-HAUL INTERNATIONAL, INC.,**
**U-HAUL CO. of COLORADO, INC.,**
**and MIDTOWN RENT A CAR,**

      **Defendants.**

### Memorandum Opinion and Order
### Denying Plaintiff's Second Motion to Compel Rule 30(b)(6) Deposition

    **This matter** comes before the court on Plaintiff's Second Motion to Compel Deposition of Fed. R. Civ. P. 30(b)(6) Representatives Who Have Been Appropriately Prepared to Testify on Towing Issues.  (Docket No.141).

    Plaintiff served Toyota with a notice of deposition seeking testimony from a Toyota representative or representatives prepared to discuss:

> the corporation's knowledge about the towing capability of the Tundra, including design, development, testing, and creation of the vehicle's towing capability and performance.  Particular emphasis will be placed on the company's goals, discussions, design considerations, standards used, development of the vehicle, testing of the vehicle, and all information it considered when providing consumers with recommendations about towing performance of the Tundra, including claims or lawsuits related to towing.

Toyota produced  Mr. Tanayuki Kanaya as its designated representative to provide testimony on towing issues.  Mr. Kanaya was not prepared for the deposition, to the extent that he admittedly had not reviewed all reports available to Toyota related to towing.  (See, Docket No. 131, Ex. D, Depo

pp 15-16). Accordingly, on January 28, 2010, the court ordered that Toyota produce "all reports and engineering studies related to the towing capability of the 2000 Tundra SR/5, as is more particularly described in Plaintiff's 30(b)(6) deposition notice," and thereafter produce a witness pursuant to F.R.Civ.P. 30(b)(6) to "testify on towing issues." (Docket No. 135). The parties subsequently filed a joint motion, requesting that expert disclosure deadlines be extended, and that in the event Toyota could not produce the reports and engineering studies related to the towing capability of the 2000 Tundra SR/5 by March 11, 2010, "Plaintiff may supplement his expert reports based on those documents and/or the additional 30(b)(6) deposition within 15 days of the production of those documents or the completion of the additional 30(b)(6) depositions, whichever is later." (Docket No. 137). This Motion was granted. (Docket No. 138).

It is unclear from the briefing provided by the parties whether Toyota produced additional studies referenced in the court's prior order, or whether any additional reports exist that relate to sway damping devices. Plaintiff does not complain that documents have not been produced , nor does he indicated that additional documents addressing the use of sway damping devices were produced. Accordingly, the court must assume that all relevant documents have been produced.

Plaintiff filed the instant motion on March 19, 2010 (Docket No. 141), seeking to compel Toyota to produce additional Rule 30(b)(6) deposition witnesses to testify as to:

> All relevant facts and circumstances within Toyota's knowledge or available to Toyota regarding Toyota's use of sway damping devices in testing of the Tundra, including but not limited to: How the decision was made, when the decision was made, by whom, why the devices were used and what alternatives to conducting this testing with damping devices was considered, whether all of the towing testing was done with th use of sway dampers, if so why, and the results, if any of all trailer testing that was done without the use of sway dampers.
>
> All relevant facts and circumstances within Toyota's knowledge or available to Toyota regarding Toyota's selection of the information which is in the Towing section of the Tundra Owner's Manual, including but no limited to: who selected the

2

language used, when this language was selected, the source of the language used, and all alternatives that were considered to the language which was used.

This "revised" Rule 30(b)(6) notice was advanced for the first time in Plaintiff's Motion to Compel.

Toyota questions Plaintiff's motives in filing this motion, noting  that had Plaintiff wished to concentrate on sway damping devices, he should have at least referenced such devices in his original 30(b)(6) deposition notice, which he did not.  Toyota also takes the position that Mr. Kanaya answered all the questions concerning sway damping devices actually posed to him.

Had Plaintiff wished to serve a deposition notice as specific as the "revised" notice he now advances, he could have done so at the time his original notices were served, after Mr. Kanaya's deposition, or after this court's Order of January 28, 2010.  He did not do so.  The court will not now entertain a Motion to Compel compliance with a Rule 30(b)(6) deposition notice that has never been properly, or timely, served.

Toyota's response that Mr. Kanaya has answered all questions put to him is inaccurate, to the extent that it ignores Mr. Kanaya's own testimony that additional studies related to towing exist that he had not reviewed.  I do find, however, that he did respond to questions asked of him related to sway damping devices.  Plaintiff's failure to ask follow up questions is not grounds for a Motion Compel.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to Compel Depositions of Fed. R. Civ. P. 30(B)(6) Representatives [Docket No. 141] is **DENIED**.

**IT IS SO ORDERED.**

Richard L. Puglisi
Chief United States Magistrate Judge

3