IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DARA HEM,**

    **Plaintiff,**

**vs.**                                                                   **Civil No. 09-888 MCA/RLP**

**TOYOTA MOTORCORP.; TOYOTA
MOTOR SALES U.S.C. INC.;
TOYOTA TECHNICAL CENTER;
HIGASHI-FUJI TECHNICAL CENTER;
U-HAUL INTERNATIONAL, INC.,
U-HAUL CO. of COLORADO, INC.,
and MIDTOWN RENT A CAR,**

    **Defendants.**

**Memorandum Opinion and Order
Denying Defendants' Motion for Protective Order**

**This matter** comes before the court on the motion of the Toyota Defendants[1] ("Toyota" herein) for Protective Order Regarding Plaintiff's Notice of Deposition and Request for Production of Documents filed March 30, 2010. (Docket No. 149). Plaintiff responded to the Motion the following day. (Docket No. 150). Although no Reply or Notice of completed briefing[2] has been filed, the court deems briefing on this Motion to be complete. For the reasons stated herein, Toyota's Motion is **DENIED**.

Toyota previously produced Akira Nagae, pursuant to F.R.Civ.P. 30(b)(6) to testify on its behalf regarding Toyota's knowledge of the creation, development, testing and incorporation of Vehicle Stability Control (VSC) technology as it related to the 2000 Tundra Model Year and prior

---

[1] Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation on behalf of Toyota Technical Center and Toyota Motor Corporation on behalf of Higashi-Fuji Technical Center.

[2] Counsel are directed to D.N.M. LR-Civ. 7.4(a).

production level vehicles.[3]   For the most part, Mr. Nagae was able respond adequately to topics referenced in this deposition notice.  However, he admitted that he had not reviewed scientific articles published by Toyota regarding its VSC system.  Accordingly, on January 28, 2010, this court ordered Plaintiff to "produce for deposition a witness pursuant to F.R.Civ.P. 30(b)(6) to testify on the content of scientific articles published by Toyota regarding its vehicle stability control system (Docket No. 135).

On March 15, 2010 Plaintiff served Defendant with a new Notice of deposition pursuant to F.R.Civ.P. 30(b)(6).  (Docket No. 149, Ex. 1).  The Notice set April 1, 2010 for the deposition of a Toyota representative  prepared to give testimony

> relative to "matters known or reasonably available to" the Defendant corporation, as opposed to the limits of the designated representatives (sic) personal knowledge, with regard to the following areas of inquiry:
>
>> Technical and/or scientific literature written by or on behalf of the Toyota defendants relative to vehicle control systems or "systems designated to assist drivers maintaining control of the vehicle in emergencies."

Toyota responded to this notice of deposition on March 29, 2010,  posing several objections, but  indicating that it would produce Mr. Nagae to address technical and/or scientific literature written by or on behalf of the Toyota defendants relative to the vehicle control systems   or "systems designed to assist drivers in maintaining control of their vehicles in emergencies." (Docket No. 149,

---

[3]The deposition notice reads: "The witness should be prepared to discuss the corporation's knowledge about the creation, development, testing, and incorporation of the technology into production level vehicles prior to the 2000 model year as well as the technology that was used and incorporated into the Tundra. Particular emphasis will be placed on the company's development and knowledge of the technology and the decision-making process about what vehicles received the technology during what time-frames, how those decisions were made, why, who was involve, when and what information the corporation knew and considered when making those decisions including claims or lawsuits involving claims that Toyota was negligent in failing to incorporate ESC or VSC into a particular model of Toyota vehicle."

Exs. 2-5).

On March 30, two days before the scheduled deposition, Toyota filed the instant motion, contending that the topic noticed in the Notice of deposition expanded the scope of inquiry permitted by the court's prior January 28, 2010 Order. Toyota also incorporated by reference, without argument or authority, the objections it had included in its response to the notice of deposition. These objections are:

1) The deposition category is overly broad and unduly burdensome because it is unreasonable to suppose that any one person, even upon reasonable inquiry and research, could determine all of the information in the detail as requested in this category.

2) The deposition notice asks for information that may be in the possession of an individual or group of individuals who were knowledgeable about the vehicle stability control systems in the 2000-2006 U.S. bound Toyota Tundra but may no longer be employed by, or affiliated with, (Defendants).

3) The deposition notice asks for information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence insofar as the deposition category is not limited in scope to the 2000-2006 U.S. bound Tundra model series.

4) The deposition notice is unduly burdensome and goes beyond the scope of permissible discovery to the extent it asks Defendants to produce a witness in addition to Mr. Naga.

Plaintiff responded to the Motion, stating that the language contained in the Rule 30(b)(6) deposition notice at issue "was taken from the deposition question which Toyota's representative was unable to provide testimony on relative to Toyota's VSC system."[4] Plaintiff then added:

> The Plaintiff has informed Toyota's attorneys that they do not anticipate that there is an issue in dispute because the Plaintiff is not aware of scientific or technical

---

[4] Q: Has Toyota published papers -- scientific papers to the scientific community telling the world that this system is designed to assist drivers in maintaining control of their vehicle in emergencies?

A: I am aware that there are some papers, but I do not know where what you just said would be written. I have never seen the papers, so I cannot answer. (Docket No. 131, Ex. G).

>papers which have been published by Toyota regarding a "system designed to assist drivers in maintaining control of their vehicle in emergencies" other than the V.C. system literature. In fact, the Plaintiff is unaware of Toyota working on or developing a "system designed to assist drivers in maintaining control of their vehicle in emergencies" independent of the VSC system. If however Toyota has such a system, and Toyota has published scientific or technical literature regarding such a system, it is hard to believe that the Court would have ordered the designated representative to appear and testify on scientific and technical literature on VSC to the exclusion of scientific / technical literature regarding a comparable "sister" system which just happens to have a different name or go by a different acronym.

(Docket 150, p. 3).

It is unknown whether Mr. Nagae's deposition actually took place, or if Plaintiff's explanation satisfied Toyota's objections.

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c)(1). The party seeking a protective order has the burden to show good cause for it. **Reed v. Bennett**, 193 F.R.D. 689, 691 (D. Kan. 2000). To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."**Gulf Oil v. Bernhard**, 452 U.S. 89, 102 n 16 (1981).

I find that the language used in Plaintiff's May 15, 2010 Notice of Rule 30(b)(6) deposition is not materially different that the language used in his original deposition notice. Further, whether Toyota requires one, two or ten witnesses to properly respond to this notice of deposition is a matter within its control.

As to Toyota's objections, if a party or deponent believes that a Rule 30(b)(6) topic is irrelevant or overly broad, the party/deponent has the burden to provide "particular and specific facts" that show how providing testimony on that particular topic would be unduly burdensome, unduly expensive, embarrassing, oppressive, or annoying. **P.S. v. Farm, Inc**., 2009 WL 483236,

at *3 (D.Kan., Feb. 24, 2009), cited in **Cohen-Esrey Real Estate Services, Inc., v. Twin City Fire Insurance Co.**, 2009 WL 4571845, * (D. Kan, Dec. 2, 2009).  Merely asserting that a Rule 30(b)(6) topic is overly broad or irrelevant is not sufficient to warrant the entry of a Rule 26(c) protective order.  "The familiar litany of general objections including overly broad burdensome or oppressive, will not alone constitute a successful objection to [discovery], nor will a general objection fulfill the objecting party's burden to explain its objections." **Allianz Ins. Co. v. Surface Specialities, Inc**., 2005 U.S. Dist. LEXIS 301 (D.Kan.2005) (citations omitted).

Toyota has not made the required showing to establish it is entitled to a protective order

It is hereby **ORDERED** that Toyota's Motion for Protective Order is **DENIED**.

_____
Richard L. Puglisi
Chief United States Magistrate Judge