IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DARA HEM**,

    Plaintiff,

vs.                                                                                                  09-CV-888 MCA/RLP

**TOYOTA MOTOR CORP.**,
et al.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation on behalf of Toyota Technical Center, and Toyota Motor Corporation on behalf of Higashi-Fuji Technical Center's (collectively "Toyota's) *Motion for Summary Judgment Regarding Exemplary Damages*. [Doc. 157] For the reasons that follow, the Court **denies** Defendants' Motion.

**BACKGROUND**

This products liability case arises out of a roll-over accident on April 9, 2005 on I-25 just south of the Colorado-New Mexico border. Plaintiff's wife, Savy Hem, was driving the couple's 2000 Toyota Tundra, towing a U-Haul trailer. Plaintiff, Dara Hem, was riding in the passenger seat. As the truck was traveling downhill Mrs. Hem lost control and the truck rolled over several times. Mr. Hem was severely injured, sustaining paralyzing injuries. [Doc. 180].

Plaintiff contends that the Tundra was defectively designed with respect to handling and stability while towing and crashworthiness in a rollover accident. [Doc. 180] In this action transferred pursuant to 28 U.S.C. § 1404(a), the Court is required to apply the law of the state in

which the transferor federal court sits--Texas.  17 *Moore's Federal Practice* § 111.20[1].[1] Under Texas law, exemplary damages may be awarded where the defendant acted with gross negligence.  Texas Civil Practices and Remedies Code § 41.003(a)(3) (2003).  According to the Texas Supreme Court "[b]roadly speaking, gross negligence is the breach of duty involving an extreme degree of risk considering the probability and magnitude of the potential harm to others (an objective element) when the actor has actual awareness of the risk involved but nevertheless proceeds in conscious indifference to the rights, safety, or welfare of others ( a subjective element)."  *General Motors Corp. v. Sanchez*, 997 S.W. 2d 584, 594 (Tex. 1999);  *see also* Texas Civil Practices and Remedies Code § 41.001(11) (2003) (defining "gross neglgience").  As the Court understands Toyota's position, Defendants are largely conceding the first, objective prong of Texas' test for purposes of the instant motion. [Doc. 157 at 4] Toyota focuses on the second, subjective prong of the Texas's test, arguing that Plaintiffs have no evidence that Toyota was consciously indifferent to the risk of serious injury presented by rollover accidents.

**DISCUSSION**

Fed. R. Civ. P. 56(b) provides that "[a] party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim."  Rule 56(c)(2) provides that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

In this District, Rule 56 is supplemented by local rule, D.N.M. LR-Civ. 56.  This local rule states that

---

[1] In addition, the parties have stipulated to the application of Texas law. [Doc. 182 at 7]

> [t]he memorandum in support of the motion must initially set out a concise statement of all of the material facts as to which movant contends no genuine issues exists. The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies.

Local Rules such as D.N.M. LR-Civ. 56 serve to "isolate[] the facts that the parties assert are material, distinguish[] disputed from undisputed facts, and identif[y] the pertinent parts of the record." *Gardels v. CIA*, 637 F.2d 770, 773 (D.C. Cir. 1980).

In the present case Toyota's Motion does not even attempt to comply with LR-Civ. 56. Toyota's noncompliance is not merely technical: Toyota does not refer the Court to even a single item of evidence in support of its motion. For example, Toyota asserts that it could not have acted with conscious indifference to the risk to occupants presented by rollover accidents because it "carefully designed, engineered, and tested in [sic] the Tundra." [Doc. 157] However, this broad statement is not supported by any citation to evidence in the record before the Court. Since discovery responses are no longer routinely filed with the Court, see D.N.M. LR-Civ. 26.2 and 30.3, the Court cannot determine from the record before it the extent to which this and other assertions of fact made by Toyota in support of its motion are actually supported by "pleadings, depositions, answers to interrogatories, and admissions" as contemplated by Rule 56(c)(2).

The Court recognizes that a summary judgment movant who does not bear the ultimate burden of persuasion at trial on an issue does not have to support its motion with affidavits or other materials negating the nonmovant's case as to the issue in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when a defendant brings a summary judgment motion on the ground that the nonmovant's evidence is insufficient to generate a genuine issue of fact, the defendant-movant must still "affirmatively demonstrate" that the nonmovant's

evidence is insufficient. *Celotex*, 477 U.S. at 332 (Brennan, J., Burger, C.J., and Blackmun, J., dissenting).  If a mere conclusory assertion that the nonmovant has insufficient evidence could be sufficient to satisfy the movant's initial burden, "summary judgment '[would] be converted into a tool for harassment.'" *Windon Third Oil and Gas Drilling Partn. v. FDIC*, 805 F.2d 342, 345 n. 7 (10th Cir. 1986).  In other words, a defendant-movant does not discharge its initial burden merely by *asserting* that the nonmovant's evidence is insufficient;  rather, the movant discharges its initial burden by *showing*[2] the Court that the nonmovant's evidence (viewed in the light most favorable to the nonmovant) is insufficient.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (observing that sexual harassment defendant carried its initial burden of  production on summary judgment, by "taking each incident of harassment alleged in the complaint and demonstrating with numerous references to attached exhibits that [defendant] either lacked actual or constructive notice of the incident or that it adequately responded thereto").  Here, Toyota merely claims an entitlement to summary judgment;  it has not shown the Court how pertinent portions of  "the pleadings, depositions, answers to interrogatories, and admissions" establish its entitlement to summary judgment.

Moreover, this is not a case where Plaintiff can be said to suffer from a complete absence of proof.  Significantly, Toyota has not moved for summary judgment on Plaintiffs claims that his Tundra exhibited poor stability and handling when towing and that the roof and seatbelt geometry were inadequate to protect occupants in a rollover accident. [Doc. 158 at 1 n.1]  This is effectively a concession by Toyota that Plaintiff has sufficient evidence to create a genuine issue of material fact as to whether Toyota's design, engineering, and testing of the 2000 Tundra was

---

[2]This point is made quite clear by proposed Rule 56(c)(1)(B), scheduled to take effect on December 1, 2010 absent contrary Congressional action.

inadequate.  Whether Plaintiff's evidence is sufficient[3] to allow a  jury to find that Toyota proceeded in conscious indifference to a serious risk of injury to consumers using its product cannot be determined on the extremely limited record now  before the Court.

The Court concludes that Toyota's motion should be denied. First, Toyota completely failed to comply with LR-Civ. 56(b).  Secondly, Toyota's failure to comply with LR-Civ. 56(b) resulted in a motion that failed to satisfy its initial burden as a summary judgment movant. *Coit v. Zavaras*, 175 Fed. Appx. 226 (10th Cir. 2006) (reversing grant of summary judgment due to movant's failure to satisfy their initial burden);  *Eaves v. Fireman's Fund Ins. Companies*, 148 Fed. Appx 696 (10th Cir. 2005) (reversing grants of summary judgment due to movant's failure to satisfy its initial burden).

**WHEREFORE**,

**IT IS HEREBY ORDERED** that Defendants' *Motion for Summary Judgment Regarding Exemplary Damages* [Doc. 157] is **denied**.

**So ordered this 12th day of December, 2010.**

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE

---

[3]Under Texas law, mere proof of ordinary negligence is insufficient to establish entitlement to exemplary damages.  Texas Civil Practices and Remedies Code § 41.003(b).