IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number:_____

Filing Date:_____

NO. 33,775

DARA HEM,

    Plaintiff,

v.

TOYOTA MOTOR CORP., et al.,

    Defendants,

and

TURNER AND ASSOCIATES, P.A.,

    Claimant-in-Interpleader,

v.

REGENTS OF THE UNIVERSITY OF
NEW MEXICO, on behalf of THE PUBLIC
OPERATION, UNIVERSITY OF NEW
MEXICO HOSPITAL,

    Claimant-in-Interpleader.

CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW MEXICO
M. Christina Armijo, U.S. District Court Judge

SUPREME COURT OF NEW MEXICO
FILED
JUN 25 2015

```
 1  Tax, Estate & Business Law, Ltd.
 2  Barry D. Williams
 3  James T. Reist
 4  Albuquerque, NM

 5  Turner & Associates
 6  C. Tab Turner
 7  North Little Rock, AR

 8  for Plaintiff and Turner & Associates, P.A., Claimant-in-Interpleader Turner and
 9  Associates, P.A.


10  Rodey, Dickason, Sloan, Akin & Robb, P.A.
11  Jeffrey M. Croasdell
12  Todd E. Rinner
13  Albuquerque, NM

14  Law Offices of Bruce S. McDonald
15  Tracy M. Jenks
16  Albuquerque, NM

17  Bowman and Brook, L.L.P.
18  Kurt Christopher Kern
19  Dallas, TX

20  for Defendants


21  Sutin, Thayer & Browne, P.C.
22  Susan H. Hapka
23  Andrew J. Simmons
24  Albuquerque, NM

25  for Claimant-in-Interpleader Regents of The University of New Mexico, on behalf of
26  the public operation, University of New Mexico Hospital
```

## OPINION

**VIGIL, Chief Justice.**

{1} In this case we determine whether an agreement by a state hospital to reduce the amount of a lien for medical services rendered violates Article IV, Section 32 of the New Mexico Constitution. This matter comes before the Court by way of certification from the United States District Court for the District of New Mexico pursuant to NMSA 1978, Section 39-7-4 (1997) and Rule 12-607 NMRA (2007). The questions certified to this Court arose out of an interpleader proceeding in the federal district court between Turner & Associates (Turner), attorneys for the plaintiff Dara Hem (Hem), and the University of New Mexico Hospital (UNMH), which treated Hem for injuries. UNMH argues it has priority over settlement funds pursuant to an agreement between itself and Hem's initial attorney, Clay Miller (Miller), in which Miller agreed to subrogate his statutory priority to settlement funds to UNMH. In exchange, UNMH agreed to reduce the amount of the lien imposed for Hem's outstanding medical bills. Turner argues that this agreement is unconstitutional. Therefore, Turner argues that it has a priority right to collect fees and costs out of the interpleaded settlement funds prior to the satisfaction of the hospital lien, pursuant to the Hospital Lien Act, NMSA 1978, Section 48-8-1 to -7 (1961, as amended through 1995).

{2} In order to resolve the matter, the federal district court certified two questions to this Court concerning the application of Article IV, Section 32 of the New Mexico Constitution. The first question is whether the first clause of Section 32 is a limitation applicable only to acts of the Legislature, as this Court held in *State v. State Investment Company*, 1925-NMSC-017, ¶ 13, 30 N.M. 491, 239 P. 741, or if it applies to the State in general, as indicated in *Gutierrez v. Gutierrez*, 1983-NMSC-016, ¶ 8, 99 N.M. 333, 657 P.2d 1182. The second certified question is whether Section 32 prohibits a state hospital from compromising a debt owed by a patient-debtor, where the amount of the debt owed is not disputed, but the patient-debtor's ability to pay is doubtful and the compromise agreement is supported by consideration.

{3} In response to the first certified question, we hold that the first clause of Section 32 was correctly interpreted in *State Investment* and is strictly a limitation on the Legislature. Our answer to the second certified question is that Article IV, Section 32 of the New Mexico Constitution does not prohibit UNMH from agreeing to compromise the amount owed by a patient-debtor.

{4} In so deciding, we revisit this Court's interpretation of Article IV, Section 32 in *Gutierrez*. Because we find nothing in the Constitution to support *Gutierrez's*

holding that a state hospital cannot compromise on a debt owed to it unless there is a good faith dispute as to the amount or liability for that debt, we conclude that *Gutierrez* must be overruled to the extent that it so holds. We hold that Article IV, Section 32 of the New Mexico Constitution simply requires that in order to extinguish debts or liabilities owed to the State, there must either be payment into the treasury or a proper court proceeding.

## I.    BACKGROUND

{5}    In March 2007, Hem brought suit in a Texas federal court after he was seriously injured in an accident. Hem was traveling through northern New Mexico when his Toyota truck separated from the U-Haul trailer it was towing, causing the truck to roll over several times. After treating Hem for his injuries, UNMH recorded a hospital lien for Hem's outstanding medical bills. The lien would attach to any future judgment or settlement he might procure from a lawsuit, pursuant to the Hospital Lien Act. *See* § 48-8-1(A) ("Every hospital located within the state that furnishes emergency, medical or other service to any patient injured by reason of an accident . . . is entitled to assert a lien upon that part of the judgment, settlement or compromise going, or belonging to such patient, less the amount paid for attorneys' fees, court costs and other expenses necessary thereto in obtaining the judgment,

settlement or compromise. . . ."). Although Hem did not dispute the amount owed, UNMH agreed to compromise on the lien amount and accept a lesser amount as payment in full. In exchange, one of Hem's attorneys, Miller, agreed to give up his statutory priority over settlement funds already obtained from U-Haul and some anticipated settlement funds from Toyota, so UNMH would be paid first. *See id.* (providing that a hospital lien attaches to the amount of a patient's recovery remaining after the payment of attorneys' fees). This compromise was confirmed in a letter written by Miller to UNMH (the UNMH Agreement). After sending the letter, Miller paid the U-Haul settlement funds he had already received to UNMH, per the UNMH Agreement.

{6}   In September 2009, the Texas court transferred Hem's case against Toyota to New Mexico. The case went to trial in January 2011, and while the jury deliberated, the parties reached a "Contingent Confidential Settlement Agreement" (Toyota Agreement), under which Hem would recover whether or not the jury found in his favor, but the amount of recovery was dependent on the jury's verdict. The jury ultimately returned a verdict in Toyota's favor, and in February 2011, the federal district court entered a final judgment dismissing the action. In June 2011, Hem filed a motion to enforce the Toyota Agreement. Because there was a dispute over whether

the settlement funds should be paid to UNMH or to Turner, Toyota filed a motion in interpleader to allow the federal district court to determine who was entitled to the funds. The federal district court entered an order permitting Toyota to pay the amount remaining on the UNMH lien into the court registry and discharged Toyota from the lawsuit. At this time, the remaining dispute in the interpleader proceeding is between Turner and UNMH; Hem claims no interest in the settlement funds.

{7}   UNMH argues that it is entitled to be paid out of the Toyota Settlement funds before Turner because of the terms of the UNMH Agreement. Turner argues that the UNMH Agreement is unenforceable in light of Article IV, Section 32 of the New Mexico Constitution, thereby entitling Hem's attorneys to the money pursuant to the Hospital Lien Act. *See* § 48-8-1(A) (providing that attorneys fees are taken out of settlement proceeds before such proceeds are used to pay a hospital lien). The disagreement over what Section 32 requires engendered the certified questions. We accepted certification.

## II.   DISCUSSION

{8}   The certified questions require us to interpret Article IV, Section 32 of the New Mexico Constitution. "We review issues of statutory and constitutional interpretation de novo." *State v. Ordunez*, 2012-NMSC-024, ¶ 6, 283 P.3d 282 (internal quotation